UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/19
```

MATRIXCARE HOLDINGS, INC., a
Delaware corporation,

        Plaintiff,

- v -

DENNIS J. JAKUBOWICZ, an individual,

        Defendant.

Civil Action No. 1:19-cv-04266-GWG

~~PROPOSED~~ SCHEDULING ORDER

In accordance with Fed. R. Civ. P. 26(f) and the Court's Order for Conference Pursuant to Rule 16, dated and filed May 23, 2019 (ECF No. 23), counsel for Plaintiff MatrixCare Holdings, Inc. ("MatrixCare" or "Plaintiff") and for Defendant Dennis J. Jakubowicz ("Defendant") hereby jointly submit the following Proposed Scheduling Order:

1. **Appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, and business phone number.**

   Plaintiff MatrixCare Holdings, Inc. appears by and through its undersigned counsel:

   > **DLA PIPER LLP (US)**
   > Evan D. Parness
   > Britt C. Hamilton
   > 1251 Avenue of the Americas, 27th Floor
   > New York, New York 10020
   > Telephone: (212) 335-4500

   Defendant Dennis J. Jakubowicz appears by and through its undersigned counsel:

   > **LAWRENCE A. GARVEY & ASSOCIATES, PC**
   > Lawrence A. Garvey
   > Brittany C. Patane
   > 50 Main Street, Suite 390
   > White Plains, New York 10606
   > Telephone: (914) 946-2200

2. **Concise statement of the issues as they then appear.** Plaintiff respectfully submits that this matter includes the following issues:

   a. Whether Defendant, by threatening legal action against Plaintiff in connection with a purported claim for stock options, has breached and/or threatened to breach the severance agreement in which Defendant agreed, among other things, (i) to "release and discharge" MatrixCare and "waive any rights in and to" and "any and all" "Claims" against MatrixCare, "including but not limited to . . . Claims . . . for equity"; (ii) "not to sue" MatrixCare for any of the Claims that Defendant released; and (iii) that if Defendant breached or threatened to breach the severance agreement, among other things, Defendant would "return any amount of severance already paid to" him and pay "all costs and attorneys' fees incurred by" MatrixCare in "enforcing the provisions of" the severance agreement.

   b. Should the Court determine that Defendant did not, in the severance agreement, release his purported claim for stock options, then whether Defendant forfeited the stock options pursuant to the terms of the Rollover Option Grant Award Agreement dated December 17, 2015 (the "Option Agreement") and the MatrixCare 2015 Equity Incentive Plan (the "Plan"). Plaintiff contends that Defendant forfeited the options in accordance with the terms and conditions of the Option Agreement (i) in connection with the termination of Defendant's employment on June 2, 2017, and (ii) the Option Agreement's language that outstanding stock options may vest or become exercisable upon MatrixCare's "Change of Control" is inapplicable to Defendant because his employment terminated fifteen (15) months prior to a Change in Control, such that his options had already been forfeited.

Defendant respectfully submits that this matter includes the following additional issues, by way of Defendant's Answer and Counterclaims:

1. There was no breach by the Defendant of the Severance Agreement (as defined above) as an action connected to vested options is explicitly exempted in said agreement.

2. The Court should deny Plaintiff's request for a declaratory judgment and find that Defendant's stock options were not forfeited for the reasons asserted below.

3. In accordance with the binding terms of the MDI Achieve, Inc Award Agreement (the "2014 Option Agreement") and the Option Agreement (as defined above) (the "2015 Option Agreement"), the Defendant retained the ability to have certain Long Term Incentive Plan Units, later converted to stock options, become vested according to a certain vesting schedule. After the time upon which the Defendant's stock options vested on August 19, 2015, Defendant had the ability to exercise such stock options at certain time periods set forth in the 2014 and 2015 Option Agreements, including but not limited to, upon a change of control.

2

   a. Whether the Plaintiff breached its obligations under, separately, the 2014 Option and 2015 Option Agreements when it refused to allow Defendant the opportunity to exercise his vested stock options as previously agreed upon, thus wrongfully denying the Defendant the benefit of the value of such vested stock options.

   b. Whether the Plaintiff, by its Board of Directors, breached its fiduciary duty to Defendant by its failure to protect and preserve the Defendant's right to exercise his vested stock options according to the mutually agreed upon terms of the 2014 and 2015 Option Agreements, as well as the written affirmations by the Plaintiff via its agents, thus causing the Defendant the injury of being denied his entitlement to the financial benefit of such vested stock options.

   c. Whether the Plaintiff is liable under the doctrine of promissory estoppel, by clearly and unambiguously offering Defendant the ability to exercise vested stock options at certain appropriate times under the 2014 and 2015 Option Agreements, causing the Defendant to rely on his ability to exercise such vested stock options, and then refusing to honor such promise for the sole purpose of having the Plaintiff instead convert the financial benefit of the Defendant's vested stock options to itself.

3. **Proposed schedule**

   a. **Dates for initial document requests and initial interrogatories.** Initial document requests and initial interrogatories shall be served by July 10, 2019. All subsequent document requests and/or interrogatories shall be served no later than thirty (30) days prior to the date by which all non-expert discovery shall be completed.

   b. **Deadline for joining parties or filing amended pleadings.** Parties are free to amend their pleadings or join additional parties without motion, on or before July 10, 2019.

   c. **Names of non-expert witnesses expected at this time to be deposed (if known) and either specific dates or a timetable for when depositions will take place.** All non-expert depositions shall be completed by December 6, 2019. Absent an agreement between the parties or an order of the Court, any non-party depositions shall follow initial party depositions.

   d. **Date by which all non-expert discovery shall be completed.** All non-expert discovery shall be completed by December 6, 2019.

   e. ~~In the event either side contemplates calling an expert witness, (i) anticipated fields of expert testimony; (ii) dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made; and (iii) date by which depositions of experts shall be completed.~~ The parties currently do not anticipate

Any letter seeking permission to make a summary judgment motion shall be filed by December 6, 2019.

3

utilizing experts in this matter. The identity of any expert witnesses shall be disclosed by December 6, 2019. Any expert reports shall be served by January 6, 2020. Any depositions of expert witnesses shall be completed by January 27, 2020.

    f. **Date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted.** The parties currently do not contemplate filing any pretrial motions. The parties shall submit to the Court a joint pretrial order within thirty (30) days after the date of completion of all discovery (expert and non-expert) in accordance with the Court's Individual Practices.[1]

4. **Statement of any limitations to be placed on discovery, including any protective or confidentiality orders.** The parties anticipate entering a joint stipulation and proposed protective and/or confidentiality order setting forth appropriately tailored restrictions and procedures for the pretrial disclosure and exchange of documents and information, which joint stipulation and proposed protective and/or confidentiality order shall be submitted to the Court for its review.

5. **Brief description of any discovery issues, including issues regarding the production of electronically stored information, as to which the parties have been unable to reach an agreement.** The parties are not currently engaged in, and do not currently anticipate, any discovery issues or issues regarding the production of electronically stored information. As of the date hereof, there are no discovery issues or issues regarding the production of electronically stored information as to which the parties have been unable to reach an agreement. The parties reserve the right to raise any such issues with the Court in accordance with the Court's Individual Practices.

6. **Anticipated length of trial and whether, and by whom, a jury has been requested.** The parties currently anticipate trial to last approximately four to six days. Plaintiff has not requested a jury trial.

7. **Approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions with the assistance of a mediator and whether the parties plan to engage a private mediator.** The parties have discussed the possibility of settlement, and anticipate that further settlement discussions with the assistance of a mediator may be worth pursuing at or near the close of non-expert discovery. The parties currently do not plan to engage a private mediator.

8. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the

---

[1] The parties shall follow the rules of the assigned Judge with respect to any pre-motion conference, filing, or other requirements for dispositive motions.

4

deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph shall be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

SO ORDERED:

_____
Hon. Gabriel W. Gorenstein
United States Magistrate Judge

6/10/19

Respectfully submitted on this 10th day of June 2019,

| DLA PIPER LLP (US) | LAWRENCE A. GARVEY & ASSOCIATES, PC |
|---|---|
| By: /s/ Evan D. Parness<br>Evan D. Parness, Esq.<br>Britt C. Hamilton, Esq. | By: /s/ Lawrence A. Garvey<br>Lawrence A. Garvey, Esq.<br>Brittany C. Patane, Esq. |
| 1251 Avenue of the Americas<br>New York, New York 10020<br>Tel.: (212) 335-4500<br>Fax: (212) 335-4501<br>E-mail: evan.parness@dlapiper.com | 50 Main Street, Suite 390<br>White Plains, New York 10606<br>Tel.: (914) 946-2200<br>Fax: (914) 946-1300<br>E-mail: lgarvey@laglawfirm.com |
| *Attorneys for Plaintiff*<br>*MatrixCare Holdings, Inc.* | *Attorneys for Defendant*<br>*Dennis J. Jakubowicz* |

WEST\286443984.1